UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL TOLAND,

    Plaintiff,

v.                                  CASE NO. 08-11082
                                        DISTRICT JUDGE ARTHUR J. TARNOW
                                        MAGISTRATE JUDGE DONALD A. SCHEER

JOHN WOODARD, and
BRENDA DIBBLE,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion For Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the Parnall Correctional Facility in Jackson, Michigan[1], filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 12, 2008, against the above named defendants, alleging that they had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that defendant Woodard deliberately placed him in a bunk bed too close to a cell window. He claims that cold air emanating from the window bothered his arthritis. Plaintiff also maintained that defendant Dibble retaliated against him by forcing him to discard a medication needed to prevent a skin rash[2].

---

[1]Plaintiff is currently incarcerated at the Mid-Michigan Correctional Facility, which is located at 8201 North Croswell Road in St. Louis, Michigan 48880.

[2]Plaintiff sued three other employees at the Parnall Correctional Facility, but the Court summarily dismissed them in an Order dated April 11, 2008 (Docket #4).

Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought compensatory and punitive damages. Defendants filed a Motion for Summary Judgment on August 13, 2008, based upon a failure to state a claim of inadequate medical care. Defendants denied any deliberate indifference to a serious medical need. They maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention. Plaintiff filed a response to Defendants' Motion for Summary Judgment on September 4, 2008, essentially reiterating the allegations in his Complaint.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106. Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access

2

to medical care." Estelle, 429 U.S. at 104-105. Medical records submitted by defendants reveal that Plaintiff never obtained medical authorization for a bed as far as possible from the window in his cell (See Exhibit D, page 5, attached to Defendants' Motion for Summary Judgment). Nevertheless, prison officials attempted to accommodate Plaintiff's desire for such a bed by moving him to a bed 15 feet away from the window (See affidavit of Defendant Woodard, attached as Exhibit F). In a prison grievance, Plaintiff acknowledged that he was moved to a different bed away from the window, but he insisted on even further away (See Grievance, attached as Exhibit B to Defendants' Motion for Summary Judgment).

Even accepting the facts as provided by Plaintiff, the record is clear that the defendant Woodard was not deliberately or wantonly indifferent to his serious medical needs. Defendant Woodard did not knowingly refuse to provide urgently needed medical care, and his conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not be happy with the bed assignment made to alleviate his arthritis, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against defendant Woodard, he does not link him to any specific incident in which he was personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

CONFISCATION OF CREAM DURING CELL SEARCH

Plaintiff alleges that defendant Dibble retaliated against him by searching his locker and forcing him to discard a medical cream needed for a skin condition. In an attached affidavit, defendant Dibble stated that she found the skin cream during a routine shakedown of Plaintiff's wall locker. According to Dibble, the expiration date on the medication had lapsed. Since prisoners are not allowed to possess expired medication, the resident unit manager said that she gave Plaintiff the option of discarding the medication or receiving a misconduct report. Plaintiff chose to dispose the medication himself, and no misconduct ticket was issued. (See affidavit, attached as Exhibit E to Defendants' Motion for Summary Judgment).

Even if Plaintiff's allegations regarding the unreasonableness of his cell search by defendant Dibble were accepted as true, he still has not stated a federally cognizable constitutional claim. In Hudson v. Palmer, 468 U.S. 517, 536 (1984) the Supreme Court held that prisoners have no legitimate expectation of privacy in, and the Fourth Amendment's prohibition against unreasonable searches does not apply to, prison cells. The Fourth Amendment does not even protect against destruction of property within the cell, and Plaintiff has shown no inadequacy of state court remedies sufficient to state a Fourteenth Amendment claim. 468 U.S. at n. 9 and pp. 533-534.

Moreover, Plaintiff did not suffer any harm by being forced to discard the medical cream. Plaintiff acknowledged in his Complaint that he only wanted to keep the cream in order to prove that healthcare personal had given him the wrong medication (see paragraph 5 of Complaint). Since Plaintiff has failed to show that his filing of the grievance and lawsuit was a substantial or motivating factor behind the alleged confiscation of the

skin cream, and in light of his failure to claim any physical harm as a result, I am not persuaded that Plaintiff has overcome defendant Dibble's affidavit of good faith actions.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment should be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: October 20, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on October 20, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 20, 2008: **Darryl Toland.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217